Modified and remanded.

### In re TABB.

Patent Appeal No. 2350.

Court of Customs and Patent Appeals.

May 28, 1930.

W. Lee Helms, of New York City (C. Russell Riordon, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant, Elizabeth Minor Tabb, filed her application for a patent on improvements in brassieres, serial No. 67,161, on November 5, 1925. Six claims were filed, of which three, 1, 5, and 6, were allowed, and 2, 3, and 4 were rejected by the Examiner and by the Board of Appeals. The claims were rejected on patent reference to Yurka, No. 1,431,206, dated October 10, 1922, and a British patent to Barbu, No. 139,725, dated August 23, 1919.

The claims disallowed are as follows:

"2. In women's apparel a front cover member for the bust, twisted as by rotation of the ends thereof with respect to each other 180 degrees about a line joining mid portions of said ends.

"3. In a garment comprising a member to cover and confine the bust of the wearer, an operative formation of said member, said formation comprising a twist of said member in a front central portion thereof, with a narrowing of said member by said twist adjacent thereto, and a tightening of the edges of said member by said twist and a cupping of said member by said twist to the right and the left of the same; said twist comprising a warping of the surface of said portion as by rotation of the ends thereof with respect to each other about a line substantially central of the width thereof, with a plurality of folds of said surface crossing each other in double fan formation.

"4. In women's apparel a closed band to encircle the body of the wearer supporting the bust, said band having in opened and developed formation an obverse face and a reverse face and two opposite longitudinal edges, said closed band being formed from said developed band by joining the ends of said developed band in inverted relation, said obverse face at one end thereof being placed in correspondence with said reverse face at the other end thereof, with one of said edges adjacent one of said ends forming a continuation of the other of said edges adjacent the other of said ends; said joining thus providing a twist in a portion of said closed band."

Applicant's brassiere is described and shown in her drawings, in several variations, substantially as follows: An oblong strip of cloth, of equal width throughout its length, of proper size to form a sufficient covering

and support for the breasts, is attached at each end to strips of material by gathered seams. These strips of material are designated in the drawings as *8* and *10*. To the end of the strip *10* is attached an elastic strip, having on its outer end hooks. On the outer end of the strip *8* are eyes. The hooks and eyes are so arranged that they will only fasten properly when the brassiere is twisted 180 degrees. In some forms of the pictured brassiere, shoulder straps are added which are attached at opposite sides of the central strip of material constituting the brassiere proper, so that when the strip is twisted in wearing, the shoulder straps will both be above the brassiere.

The allowed claims fully cover the feature of the shoulder straps being attached on opposite sides, and the hooks and eyes being arranged in such a manner as to be only usable when the brassiere is twisted.

Considering rejected claim 2 of appellant's application, which is not a process claim, but a claim for a device, it will be observed that the only device expressly described is "a front cover member for the bust, twisted." However, appellant does not show a permanently twisted front cover member, but one which may be twisted in wearing. The feature of the claim relative to the method of wearing is, in our opinion, an attempt to patent a function of the device, and was therefore properly rejected. Corning v. Burden, 15 How. 252, 268, 14 L. Ed. 683; In re Weston, 17 App. D. C. 431; In re Cunningham, 21 App. D. C. 29. To illustrate, an applicant might obtain a patent for a necktie, permanently tied in a certain manner; this, however, would not justify the granting of a patent on every method by which a tie of ordinary variety might be tied by the wearer.

Claim 3 is subject to the same objection. It simply describes the method in which the brassiere is to be worn. The features which give it a distinctive character, if at all, are not relied upon and described, in this claim. Even if the method in which the brassiere is to be worn were sufficient to make this claim patentable, it would be clearly anticipated by the Yurka reference. Yurka shows an oblong strip of material, made of thin sheet rubber, having tapes for attachment at each corner thereof. No reason is apparent why this strip may not be twisted, and, as thus twisted, be tied by the tapes and worn as appellant's brassiere is to be worn. The fact that Yurka uses rubber does not establish a distinction. The applicant here also includes the use of such material.

When claim 4 is carefully considered, it will be found nothing further is disclosed than is disclosed in claims 2 and 3. We are therefore of opinion that the decision of the Board of Appeals should be, and it is hereby, affirmed.

Affirmed.